No. 1094
First Circuit

---

T. A. D. CO. v. SUARAGE

---

(June 7, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1.  Louisiana Digest—Obligations—Par. 86, 101—Sales—Par. 49.

Where an order for merchandise contains a stipulation of an additional delivery to be made of different merchandise free, the free merchandise was part of the consideration which the purchaser was to receive for his money.

2.  Louisiana Digest—Obligations—Par. 124, 164,—Sales—Par. 79, 80.

One who purchased cards to which shipment were to be added coasters, and bargain bulletins does not have to accept delivery of the cards without the coasters and bargain bulletins which were sent express C. O. D. for the full balance due on the contract.

Appeal from the District Court Parish of East Baton Rouge. Hon. W. Carruth Jones, Judge.

Action by T. A. D. Company against H. N. Suarage.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Justin C. Daspit, of Baton Rouge, attorney for plaintiff, appellee.

Cross & Moyse, of Baton Rouge, attorneys for defendant, appellant.

ELLIOTT, J. Suit on written order for advertising cards, bulletin service and merchandise.

H. N. Suarage, proprietor of Baton Rouge Coffee Mills, signed an order in favor of the plaintiff which commences, "Please furnish us the complete T. A. D. Service, as outlined below and have printed for us 100,000 T. A. D. Advertising Cards, for all of which we agree to pay $300.00, less the amount of deposit herewith.

"It is a condition of this order—" Then follows stipulations, one of which is that T. A. D. agrees to make a refund of $4.00 per thousand for cards returned on purchase of merchandise and is to supply T. A. D. Bargain Bulletins free of charge

as long as the party ordering continues the active use of the cards, and is to mail T. A. D. Bargain Bulletins free of cost to list of customers furnished by party ordering.

The other is that T. A. D. is to supply T. A. D. Bargains to customers sending in the required number of cards and money on the terms shown on T. A. D. Bargain Bulletins and to guarante said merchandise to be satisfactory to customers or refund their money and all transportation charges.

Omitting a printed notice, then further on down the order continues: "Send free the following merchandise. No free merchandise given with orders for less than 10,000 cards. T. A. D. reserves the right to substitute, if necessary, other merchandise of equal value. Free merchandise is not to exceed 10 per cent of the total cost of this order. '9 S. T. 16 Coasters.'"

The order concludes with the statement that it has been read and understood. That no terms or representations, except as contained herein will be recognized by T. A. D. and it is understood that this order cannot be cancelled by the party giving it.

The defendant, answering, pleaded prematurity, and that being referred to the merits, further answered that plaintiff had not complied with the contract on its part. That the contract provided for certain merchandise and that the plaintiff had never shipped nor offered to ship the 9 coasters, which it agreed to do under the order. That the contract was unilateral, etc. The trial judge rendered judgment in favor of the plaintiff as prayed for and defendant appealed.

The pleadings and the evidence show that $100.00 was paid in cash at the time the order was signed representing $1.00 per thousand for the cards. That the plaintiff shipped the 100,000 cards by express on December 5, 1925, C. O. D. to the extent of $200.00, the balance due under the order. But the Bargain Bulletins and the 9 S. T. 16 Coasters were not included in the shipment. Defendant refused to pay the $200.00 and take out the cards, and on December 12, 1925, telegraphed plaintiff, cancelling the order, that it was too late to open campaign, etc. On December 29, 1925, plaintiff directed the express agent to deliver the cards to defendant without the cash, but defendant still refused to take them. The express company, after due delay, destroyed the cards. The plaintiff admits and the defendant declares that the merchandise for which the order provides was never shipped nor offered to be delivered. The plaintiff says it was not done because of plaintiff's telegram of December 12, cancelling order. The order does not expressly say that everything therein provided for was to be shipped at the same time, yet as the plaintiff drew on the defendant for the entire balance due under the order, we think all the order, particularly the merchandise, should have been shipped with the cards, so that defendant would have had in hand, upon paying the entire balance due, all that he was to receive in consideration of the same. The merchandise is spoken of in the order as free, but the order shows that it was part of the inducement and consideration which defendant was to receive for his money. We have considered plaintiff's explanation but it is not satisfactory. The defendant was justified under the showing made in refusing to accept the cards, because if he had not done so he would have been liable for them without the coasters and bargain bulletins. He was not obliged to receive

part of the order, he can stand on the contract and demand all, or decline to receive any of the things ordered. Plaintiff's demand should have been rejected. The judgment appealed from is therefore annulled, avoided and set aside, and plaintiff's demand is now refused and rejected at its cost in both courts.