## TURK v. CRNKOVIC.
### No. 4212.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

Madison & Madison, of Bastrop, and Robert Roberts, Jr., of Shreveport, for appellant.

Robert A. Hunter and Cecil Morgan, both of Shreveport, for appellee.

DREW, J.

Plaintiff sued for $787.55, alleged damage for breach of contract by defendant. Plaintiff, a manufacturer of staves, alleged that on October 1, 1929, he received an order from defendant for 8,000 pieces, 42-inch white oak staves, at $270 per thousand; and 4,471 pieces of 42-inch red oak staves at $180 per thousand, f. o. b. Mer Rouge, La. That the red oak staves were at the time stacked on the railroad right of way at Mer Rouge and were pointed out to defendant, and that all that remained to be done was for petitioner to load them on the cars when requested by defendant.

Plaintiff alleged that the white oak staves were manufactured and delivered on the tracks, as per contract, in the early summer of 1930, and that on June 30, 1930, plaintiff notified defendant that all the staves had been manufactured, as per contract, and that he was ready to load and ship; that defendant refused to accept the staves and plaintiff sold the white oak staves at a loss of $560, and was offered only $130 per thousand for the red oak, amounting to a loss of $223.-55.

He alleged demand for performance, refusal by defendant, and breach of contract.

The order for the staves, which was in writing, was silent as to the time of delivery. Plaintiff contended that the time for delivery was verbally fixed at any time during the year 1930, dependent upon weather conditions. However, the evidence preponderates that the time for delivery was during the month of October, 1929.

This court in its former opinion, 141 So. 434, affirmed a judgment of the lower court rejecting the demands of plaintiff, holding in effect that plaintiff had breached the contract by his failure to deliver the staves in accordance with the terms of the contract. Plaintiff applied for a rehearing, alleging that the court erred in the finding of fact in regard to the red oak staves and that the evidence showed the red oak staves were stacked on the right of way of the railroad company at Mer Rouge, La., at the time of the making of the contract to the knowledge of defendant, who saw them, and that even though the court should find that its former opinion was correct as to the white oak staves, it was in error in rejecting his demands for damage, due to the failure of defendant to accept the red oak staves. This contention is based on the theory that the contract was divisible. A rehearing was granted for further hearing and consideration on this point.

It is evident from the record that there was a better market for white oak staves than for red oak, and this is made more evident by the following excerpt from the letter of plaintiff to defendant, of date January 23, 1930, wherein he wrote:

"I would like to put to work twelve men, and for this reason write me or come at once, or give me an order to ship 4756 pieces which you have bought and paid me for, because if some buyer comes along he would say whoever bought white oak staves from you should have bought red oak also. You know you would say so yourself."

There is no evidence to show that defendant would have purchased the red oak staves without at the same time purchasing the white oak. There was only one order for both, and under no theory of the law could the defendant be forced to accept the red oak staves without the white oak, or the white oak without the red oak. A different situation might have arisen if defendant had accepted either one or the other and was sued for the price thereof. This, however, is not such a case. Defendant was not obliged to receive part of the order. He could stand on the contract and demand all or decline to receive any of the staves ordered. T. A. D. Co. v. Suarage, 6 La. App. 570; C. J. vol. 55, p. 38.

The record further discloses the fact that both parties to the contract considered it an indivisible contract and therefore the intent of the parties contracting was for an indivisible contract. At the time the contract was made, plaintiff had on the right of way of the railroad company a number of white oak staves and, as he contends, all the red oak staves included in the order and contract. Defendant bought and paid for the white oak staves on the railroad track, a separate and distinct transaction from the contract now sued on. If the contract was

not intended to be indivisible, there was no reason why plaintiff should not have demanded that defendant at that time accept the red oak staves then on the tracks, which were included in the order, and it is seemingly strange that at no time thereafter, until June 30, 1930, did plaintiff demand that defendant accept the red oak staves or pay for them. It was only when plaintiff had placed on the right of way both the white oak and red oak called for in the order, that he demanded of defendant that he accept them and pay for them.

A further evidence of the intention of the plaintiff when entering the contract to make an indivisible contract are the letters of plaintiff to defendant, of January 23, 1930, and April 24, 1930, which, as was said in the former opinion of this court, "clearly reflect the consciousness on his part that defendant was not then obliged to take the staves from him." 141 So. 434, 435. He clearly realized that he had failed to fulfill the terms of the contract as a whole and he did not demand or request the acceptance of the red oak staves or any pay for them.

The former decree of this court is correct and is therefore affirmed.